DALE *v.* KELLETT-McCORD COMPANY.

No. 6711. September 11, 1929.

*Ray & Ray,* for plaintiff. *Roy S. Drennan,* for defendant.

Russell, C. J. The plaintiff, Dale, owned a lot in the City of Atlanta, which he conveyed by deed to W. G. Hilton for $1650, to be paid $400 cash and the execution of a note for $1250, for which deferred payment Hilton executed, on November 22, 1926, a purchase-money security deed to Dale, in which appears the recital that it is executed "subject to a loan of $2500 in favor of Kellett-McCord Company, a corporation." Subsequently Hilton entered into a contract with Kellett-McCord Company, whereby the latter agreed to lend Hilton $2500 to be advanced upon terms and at times stipulated in the course of the erection of a six-room dwelling upon the lot which had been purchased by Hilton from Dale.

This advance included $400 of the purchase-money of the lot. All parties concede that $400 was paid by Kellett-McCord Company on the purchase-price of the lot in question. The check for this amount was delivered to Mr. Hannah; the plaintiff admitting that he consented to the deduction of real-estate commissions by Hannah from the $400 payment. The plaintiff testified that for reasons stated, on account of which the building was not proceeding satisfactorily, he procured a quitclaim deed from Hilton, his vendee, and himself undertook to carry out the contract undertaken by Hilton with Kellett-McCord Company. It appears from the record that the plaintiff entered into a contract with Kellett-McCord Company on February 21, 1927, for the purpose of securing approximately five or six hundred dollars, which the contract recites remains in the hands of Kellett-McCord Company under their contract with Hilton, "that has not been paid out and which is not due to be paid out until after the building on said property is complete as per contract between the said W. G. Hilton and said Kellett-McCord Company." This contract entered into between the plaintiff and the defendant was executed under the seal of the plaintiff and formally signed by both the president and treasurer of the Kellett-McCord Company under their seals. On November 23, 1926, Hilton conveyed the premises in dispute to Kellett-McCord Company to secure the loan of $2500. In a proceeding seeking the appointment of a receiver to sell the lot, filed by Dale, the property was sold, and the trial was had to determine who was entitled to the fund arising from the sale of the lot by the receiver. The judge directed a verdict in favor of the defendant, and the plaintiff assigns error upon this ruling.

By entering into the contract with Kellett-McCord Company, by which he assumed the prior contract of Hilton, the plaintiff waived all defects in the previous proceedings, such as the Kellett-McCord Company not having signed the contract with Hilton, and the failure to supply certain accessories to the building. The plaintiff undertook to carry out the contract as made with Hilton, and limited himself to the amounts of money to be advanced by Kellett-McCord Company to those embodied in the contract as it appears in the record. By entering into this contract the plaintiff ratified and accepted the security deed theretofore executed by Hilton to Kellett-McCord Company, and it became immaterial

whether the clause making his purchase-money security deed from Hilton subordinate to the loan of $2500 in favor of Kellett-McCord Company was or was not written into his deed at the time he accepted the same. Conflicts in the evidence antecedent to the entry of the plaintiff with Kellett-McCord Company into the contract of February 21, 1927, become entirely immaterial. Furthermore, the question of whether the contract between Kellett-McCord Company and Hilton was void because not signed by the company, as well as the question as to the superiority of the respective liens, was each a question of law for decision of the court, and the correctness of his judgment in this respect is not challenged. "Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto." Civil Code, § 5926. No issue of fact remained in the case, and the court did not err in directing a verdict.      *Judgment affirmed. All the Justices concur.*